LINA FRANCO LAW, P.C.
Lina Franco
42 Broadway, Suite 12-126
New York, NY 10004
1800-933-5620
www.FrancoLawPC.com

TROY LAW, PLLC
John Troy (JT 0481)*to be admitted *pro hac vice*
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:   718) 762-1324
Fax:   (718) 762-1342
*Attorneys for the Plaintiff, proposed FLSA Collective and Potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------X
JIT SHI GOH, *on behalf of himself and others similarly situated*

         Plaintiff,

      v.

NORI O INC.
  d/b/a SUSHI O,
OTAYA SUSHI II INC.
  d/b/a SUSHI O,
PENG L. TAM a/k/a ALAN TAM,
YUK YEN CHAI a/k/a IVY CHAI, and
YUK WING CHAI

         Defendants,
-------------------------------------------------------------X

Case No:

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23 CLASS ACTION**

**COMPLAINT**

  Plaintiff JIT SHI GOH (hereafter referred to as "Plaintiff"), on behalf of himself and other similarly situated, by and through his attorneys, Troy Law, PLLC, hereby brings this complaint against Defendants NORI O, INC. d/b/a SUSHI O, OTAYA SUSHI II INC. d/b/a SUSHI O, PENG L. TAM a/k/a ALAN TAM, YUK YEN CHAI a/k/a IVY CHAI and YUK WING CHAI (collectively as "Defendants") and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly

1

situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, <u>NJSA §34:11-56 *et seq*</u> ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants refused to record all of the time that Plaintiff and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

5. Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages equal to the sum of unpaid overtime, (3) prejudgment interest, (4) post-judgment interest, and (5) attorney's fees and costs.

## **JURISDICTION AND VENUE**

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. From on or about May 1, 2014 to June 28, 2015, Plaintiff Jit Soh Goh ("Goh") was employed by SUSHI O located at 691 US HIGHWAY 1, UNIT 4, EDISON NJ 08817.

## DEFENDANTS

*Corporate Defendants*

9. Defendant NORI O INC d/b/a SUSHI O is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 691 US HIGHWAY 1, UNIT 4, EDISON NJ on November 24, 2008.

10. Upon information and belief, NORI O INC d/b/a SUSHI O is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief NORI O INC d/b/a SUSHI O purchased and handled goods moved in interstate commerce.

12. Defendant OTAYA SUSHI II INC d/b/a SUSHI O is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 691 US HIGHWAY 1, UNIT 4, EDISON NJ on October 11, 2012.

13. Upon information and belief, OTAYA SUSHI II INC d/b/a SUSHI O is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14. Upon information and belief OTAYA SUSHI II INC d/b/a SUSHI O purchased and handled

goods moved in interstate commerce.

15. Upon information and belief NORI O INC d/b/a SUSHI O and OTAYA SUSHI II, INC. d/b/a SUSHI O are joint employers of Plaintiffs as the term is defined by 29 USC §203(r) and/or successor employers because there exist: continuity in the operation and work force of the successor and predecessor employers, which are owned by the substantially the same owner and headed by the same management and do business as Sushi O with the same employees.

*Owner/ Operator Defendants*

16. Upon information and belief, Owner/ Operator Defendant PENG L. TAM a/k/a ALAN TAM known as "Boss" to Plaintiff, has the power to determine the wages and compensation of the employees of Defendants, including Plaintiff, establish work schedules and work load of the employees, maintained employee records, and to hire and fire employees.

17. PENG L. TAM a/k/a ALAN TAM acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

18. Upon personal knowledge of Plaintiff, Tam was responsible for the catering section of SUSHI O.

19. Upon information and belief, Owner/ Operator Defendant YUK YEN CHAI a/k/a IVY CHAI known as "Lady Boss" to Plaintiff, has the power to determine the wages and compensation of the employees of Defendants, including Plaintiff, establish work schedules and work load of the employees, maintained employee records, and to hire and fire employees.

20. YUK YEN CHAI a/k/a IVY CHAI acted intentionally and maliciously and is an employer

pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

21. Upon personal knowledge of Plaintiff YUK YEN CHAI a/k/a IVY CHAI was responsible for the restaurant portion of SUSHI O.

22. Upon personal knowledge of Plaintiff, PENG L. TAM a/k/a ALAN TAM and YUK YEN CHAI a/k/a IVY CHAI did pay him his weekly paycheck, and together decided to terminate him in a meeting among the three of them.

23. Upon information and belief, Owner/ Operator Defendant YUK WING CHAI has the power to determine the wages and compensation of the employees of Defendants, including Plaintiff, establish work schedules and work load of the employees, maintained employee records, and to hire and fire employees.

24. For instance, YUK WING CHAI would direct Plaintiff to change the sauce of the restaurant.

25. YUK WING CHAI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

26. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action individually and on behalf of all other and former non-exempt deliverymen, servers, busboys, and kitchen staff who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated overtime compensation for all

hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings his NJWHL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period").

29. All said persons, including Plaintiff, are referred to herein as the "Class."

30. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

31. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

32. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

    b. Whether Plaintiff and Class members are entitled to and paid overtime under the NJWHL;

    c. Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    d. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

    e. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

*Typicality*

33. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

34. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced

and competent representing Plaintiff in both class action and wage and hour employment litigation cases.

*Superiority*

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF FACTS

37. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his y overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

38. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

39. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

*Plaintiff JIT SHI GOH*

40. From on or about May 1, 2014 to June 28, 2015, Plaintiff Jit Shi Goh was employed by Defendants to work as a chef at SUSHI O located at 691 US HIGHWAY 1, UNIT 4, EDISON NJ 08817.

41. At all relevant times, Plaintiff Jit Soh Goh worked from 10:30 to 15:00 and then from 16:30 to 22:00 from Tuesdays through Fridays for ten (10) hours, from 11:30 to 15:00 and then from 16:30 to 22:00 for nine (9) hours on Saturdays and from 11:30-22:00 for ten and a half (10.5) hours on Sundays, for a total of fifty nine and a half (59.5) hours each week.

42. Between on or about May 1, 2014 to August 31, 2014, Plaintiff was paid a flat

compensation of eight hundred dollars ($800) each week.

43. Between on or about September 1, 2014 to November 30, 2014, Plaintiff was paid a flat compensation of eight hundred twenty five dollars ($825) each week.

44. Between on or about December 1, 2014 to June 28, 2015, Plaintiff was paid a flat compensation of seven hundred fifty dollars ($825) each week.

45. Plaintiff was not given a set time to eat lunch on Sundays.

46. Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

49. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

50. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

51. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

52. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

53. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

54. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### [Violation of New Jersey Labor Law—Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime

compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

57. Defendants' failure to pay Plaintiff was not in good faith.

58. By failing to pay Plaintiff and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

## COUNT III.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

61. Due to Defendants' violations of 26 USC §7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA NJWHL plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

13

h)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, pursuant to the NJWHL;

i)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

j)   The cost and disbursements of this action;

k)   An award of prejudgment and post-judgment fees; and

l)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
May 18, 2016

                                       Respectfully Submitted,

                                       TROY LAW, PLLC
                                       *Attorneys for Plaintiff, Proposed FLSA*
                                       *Collective and Potential Rule 23 Class*

                                       /s/ Lina Franco\_\_\_\_
                                         LINA FRANCO LAW, P.C.
                                         Lina Franco
                                         42 Broadway, Suite 12-126
                                         New York, NY 10004
                                         1800-933-5620
                                         www.FrancoLawPC.com

                                       /s /John Troy_____
                                       John Troy (JT0481)
                                       \* to be admitted *pro hac vice*

                                       41-25 Kissena Boulevard Suite 119
                                       Flushing, NY 11355
                                       Tel: (718) 762-1324
                                       Fax: (718) 762-1342
                                       Email: troylaw@troypllc.com