UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIT SHI GOH,<br>on behalf of himself and others similarly situated<br><br>      *Plaintiff*,<br> v.<br><br>NORI O INC., d/b/a/ SUSHI O,<br>OTAYA SUSHI II, INC., d/b/a/ SUSHI O,<br>PENG L. TAM, a/k/a ALAN TAM,<br>YUK YEN CHAI, a/k/a IVY CHAI, and<br>YUK WING CHAI,<br><br>      *Defendants*. | Civil No.: 2:16-cv-2811 (KSH) (CLW)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

  This lawsuit brought by plaintiff Jit Shi Goh arises out of allegations that defendants Nori O Inc., Otaya Sushi II, Inc., Peng L. Tam, Yuk Yen Chai, and Yuk Wing Chai (collectively, "defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), by failing to pay overtime wages to him and other similarly situated employees. (D.E. 1, Compl.) Before the Court is Goh's motion to conditionally certify this collective action. (D.E. 16, Mot.) Goh also seeks the issuance of court-authorized notice to the conditional collective action members, compelled production of a data file containing these members' contact information, equitable tolling of the statute of limitations pending the expiration of the opt-in period, and an order requiring that defendants post the approved notice in "conspicuous locations at the location where the [conditional collective action members] worked, or are now working." (Mot. 1-2.)

  For reasons set forth below, the Court denies Goh's motion without prejudice.

I. **Factual Background**

As alleged in the complaint and supported by Goh's affidavit (D.E. 17-2, Goh Aff.), Sushi O, located in Edison, New Jersey, employed him as a "kitchen worker to handle fry wok work" from May 1, 2014 until June 28, 2015. (Compl. ¶ 10, Goh. Aff. ¶ 3.) Goh worked Tuesday through Sunday. Tuesday through Friday included two shifts, 10:30 A.M. to 3:00 P.M. and 4:30 P.M. to 10:00 P.M.; Saturday included two shifts, 11:30 A.M. to 3:00 P.M. and 4:30 P.M – 10:00 P.M.; Sunday included one extended shift, 11:30 A.M. to 10:00 P.M. (*Id.* ¶ 5(a)-(c).) This adds up to 59.5 hours per week.

Goh alleges that he was paid "a flat rate of $800 each week" from May 1, 2014 to August 31, 2014. (*Id.* ¶ 5(e).) On September 1, 2014, he received a $25 weekly pay increase, and was paid $825 a week until November 30, 2014. (Compl. ¶ 43.) His weekly pay rate dropped to $750 from December 1, 2014 until June 28, 2015, when his employment with defendants ended. (*Id.* ¶ 44.) Goh asserts that he was "never informed of [his] hourly rate" and "was not compensated at one-and one-half of my calculated hourly wage for all hours . . . over forty (40) hours each week." (Goh Aff. ¶¶ 6-7.)

Goh alleges knowledge of "Sushi O's policy to not pay any employees for overtime" based on his conversations "with other sushi chefs, kitchen workers, waiters, and various other employees." (*Id.* ¶ 10.) Goh also asserts that these employees "worked for six (6) days a week, and similar hours" to Goh. (*Id.*)

Goh identifies five of these employees, listing each one's role in the restaurant, nationality, estimated age, and certain physical characteristics:

> 13. There was a guy named Peter, who worked on hibachi in the kitchen; he is between 50 to 60 years old, from Malaysia. Peter is about average build.
> 14. Another guy [n]amed Addy, who worked in the kitchen frying tempuras, he is between 30 to 40 years old, from Mexico. Addy is a bit chubby, and short.

15. There was this Mexican dishwasher, who was in his 20s, whom I do not recall his name. He was of a smaller build, skinny and short.
16. There was also this Malaysian waitress, about 50 years old.
17. There was another sushi chef named Eugene, who worked at the sushi bar, he is Chinese, and is in his 40s. Eugene also drives people to and from work.

(*Id.* ¶¶ 13-18.) Goh alleges that the defendants "exploited me and my co-workers, and it is my hope that we will be permitted to recover wages that we are owed." (*Id.* ¶ 18.) He concludes his affidavit with an appeal to the Court to "allow [him] to represent the interests of [his] co-workers in this action" by certifying his collective action. (*Id.* ¶ 19.)

## II. Legal Standard

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). The statute grants "similarly situated" employees the right to sue in a collective action. 29 U.S.C. § 216(b). Distinct from class actions brought under Fed. R. Civ. P. 23, the FLSA requires collective action members to affirmatively opt in by filing a written consent with the court. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242-43 (3d Circ. 2013).

The Third Circuit follows a two-step process when determining if a suit brought under the FLSA may proceed as a collective action. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013). At the first stage, "the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Id.* If the plaintiff satisfies this burden, the court grants conditional certification "for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Camesi*, 729 F.3d at 243*; see also Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) ("Conditional

certification, therefore, is not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process.").

To qualify for conditional certification, a plaintiff must make a "modest factual showing" that the proposed class of employees is "similarly situated." *Id.* Courts apply a "fairly lenient standard," as this stage "occurs early in litigation when the [district] court has minimal evidence." *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 78 (D.N.J. 2014) (Simandle, J.). Still, "a plaintiff must produce some evidence, 'beyond mere speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other people." *Symczyk*, 656 F.3d at 193 (citations omitted).

At the second step, the court, with the benefit of a fuller record, "makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Id.* Plaintiffs must satisfy the preponderance of evidence standard at the final certification stage. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 534 (3d Cir. 2012); *see also Symczck*, 656 F.3d at 193 ("This stage is less lenient, and the plaintiff bears a heavier burden.").

## III. Discussion

Goh petitions the Court to conditionally certify the following class:

> All of those non-managerial employees of the Defendants, including but not limited to kitchen workers, waiters, sushi chefs, dishwashers, or any other equivalent employee, who previously worked, or is (sic) currently working at Defendants' restaurants during the past (3) years and who have worked for the Defendants as [] non-managerial employee[s] between May 18, 2013 and the date this Court decides this Motion.

(Mov. Br. 4.) To prevail in his motion for conditional certification, Goh must make a modest factual showing that he and the proposed class are similarly situated because they were victims of a common policy or plan that violated the law.

4

Goh charges that the defendants "fail[ed] to pay . . . overtime pay as required by the FLSA" and asserts that "Plaintiffs[1] have met th[e conditional certification] burden by providing factual assertions that they worked well in excess of forty (40) hours per week and were compensated in violation of the overtime provisions of the FLSA." (D.E. 18, Mov. Br. 1.) In opposition, defendants raise certain arguments regarding the sufficiency of the complaint;[2] however, it is improper for the Court to consider the merits of Goh's action at this time. Pertinent to the motion before the Court is whether Goh has failed to make the required showing that the putative class is "similarly situated." (D.E. 21, Opp. Br. 3.)

Goh is the single named plaintiff and provides the only supporting affidavit before the Court. Anticipating challenges on the basis of this limited evidence, Goh argues:

> With minimal case law in the Third Circuit Court, courts in the Second Circuit generally make the decision to grant conditional certification based on the pleadings and any affidavits that may have been submitted. Conditional certification has been granted regularly by courts in this circuit based on the testimony of one or two plaintiffs and little more.

(Mov. Br. 6.) Notwithstanding Goh's failure to provide Third Circuit precedent on conditional certification, the Court reviewed the two cases from the Southern District of New York he cites as authority for his position that courts in the Second Circuit regularly grant conditional certification on "the testimony of one or two plaintiffs and little more."[3]

In *Cohen v. Gerson Lehrman Grp. Inc.*, the plaintiff sought to conditionally certify a collective action of research associates employed by a consulting firm on the grounds that the firm

---

[1] The Court notes that there is a single named plaintiff in this action, Jit Shi Goh, and all factual assertions in the record are made by him.

[2] For future reference, the Court rejects the statute of limitations argument as Goh commenced his action within the applicable two-year limitations period. 29 U.S.C. § 255; N.J.S.A. § 34:11-56a25.1.

[3] The other cited cases all benefit from three or more affidavits and several opt-in plaintiffs.

5

violated the FLSA by denying overtime compensation to all research associates. 686 F. Supp. 2d 317, 320-21 (S.D.N.Y. 2010). The plaintiff asserted that the common hiring criteria for research associates, and the fact that all research associates performed nearly identical duties and assignments, supported his contention that the putative class was similarly situated. The defendant firm had also classified all research associates as "exempt" from the FLSA's overtime requirements, demonstrating that the firm itself viewed research associates as a similarly situated class of employees. *Id.* at 321. Granting plaintiff's motion, the court reasoned that the complaint and the plaintiff's affidavit were "sufficient to warrant preliminary certification of a collective action."[4] (*Id.* at 331.)

The facts before the *Cohen* court are distinguishable. The research associates met common hiring criteria and performed similar duties and assignments. They were paid an hourly rate and routinely worked hours outside of the company's official office hours. Goh, on the other hand, provides a list of five employees that he presumably worked with during his 2014-15 employment with the defendants as representative of the putative class. No two employees perform the same work, which the defendants argue is particularly significant in a restaurant setting, where tipped and non-tipped employees are compensated under separate pay structures. (Opp. Br. 6.). Further, there are no factual assertions related to the compensation of the putative class. Finally, Goh states that all employees work "similar hours," but fails to assert a single fact about work schedules. (Goh Aff. ¶¶ 11-12.)

The *Cohen* court granted conditional certification on the basis of the complaint and two affidavits because the requisite showing of a similarly-situated putative class is far easier to make

---

[4] This Court notes that there was a second affidavit from another research associate that corroborated the plaintiff's factual assertions about the common duties of the putative class before the *Cohen* court as it decided this matter. *Id.* at 327.

when everyone has the same job title, the same hours, and the same pay rate. Goh does not have the benefit of this uniformity.

In the other case, *Francis v. A & E Stores, Inc.*, the plaintiff sought conditional certification of a collective action alleging that her company violated the FLSA by unlawfully classifying all assistant store managers ("ASMs") as executive or administrative employees, thereby making them exempt from the Act's overtime provisions. No. 6-1638, 2008 WL 4619858, at *2 (S.D.N.Y. Oct. 16, 2008). The court found that the putative class was similarly situated to the plaintiff upon review of the plaintiff's declaration, "in which she described her responsibilities at the two stores at which she worked," and, as well, "the deposition testimony of Defendant's director of human resources, who said the written job description of the ASM position fairly and accurately described the duties and responsibilities of ASMs; and the deposition testimony of Defendant's vice-president of store operations, who testified that the duties of ASMs were 'more or less' the same at all stores." *Id.* at *3. Again, these facts far exceed what Goh has provided here.

Based on his declaration alone, Goh "ask[s] this Court to infer that because his rights may have been violated, the rights of all . . . workers" at Sushi O were violated. *Shala v. Dimora Ristorante, Inc.*, No.16-03064, 2016 WL 7386954, at *3 (D.N.J. Dec. 21, 2016) (Martini, J.) In *Shala*, Judge Martini denied conditional certification of a proposed class of restaurant employees where plaintiff submitted no evidence other than his own declaration to support the existence of a companywide policy in violated of the FLSA, observing that "[c]ourts in this Circuit . . . have routinely found that such speculation is not proper." *Id.* (quoting *Federman v. Bank of Am., N.A.*, No. 14-441, 2016 WL 3090631, at *5 (D.N.J. May 31, 2016) (Shipp, J.) (collecting cases)); *see also Siu Ching Ha v. 4175 LLC*, No. 15-5530, 2018 WL 1509090, at *6 (D.N.J. Mar. 27, 2018) (Salas, J.) (denying conditional certification where plaintiffs "ask[] this Court to speculate, based

7

on their own affidavits alone, that other workers—who held different positions, performed different requirements, and worked at different locations—are similarly situated to them."); *Kronick v. bebe Stores, Inc.*, No. 7-4514, 2008 WL 4546368, at * 3 (D.N.J. Oct. 2, 2008) (Kugler, J.) (denying conditional certification because "[p]laintiffs do not make even a modest showing of evidence, beyond pure speculation, that [d]efendant's alleged policies were applicable to other employees. Plaintiffs assert generalized assumptions and effectively assume a similar situation for themselves and the prospective class.")

The Court likewise concludes that Goh has failed to meet the conditional certification standard and denies his motion without prejudice.[5] *See Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224-25 (3d Cir. 2016). An appropriate order will follow.

Date: March 31, 2019

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[5] The Court's denial of conditional certification at this time obviates need for consideration of Goh's request for approval of notice and his request for an order that defendants produce employee contact information. Additionally, the Court declines to equitably toll the FLSA claims as to unknown prospective claimants because Goh has not shown there are potential collective action members similarly situated to him for whom equitable tolling may be justified.